**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2056-18T1

VERICREST FINANCIAL,
INC., F/B/O VERICREST
OPPORTUNITY LOAN
TRUST 2011-NPL1,

     Plaintiff-Respondent,

v.

AKIL K. KHALFANI,

     Defendant-Appellant,

and

MRS. KHALFANI, wife of
AKIL K. KHALFANI, and JP
MORGAN CHASE BANK, N.A.,

     Defendants.

_____

Submitted October 22, 2019 - Decided November 18, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-028224-12.

Akil K. Khalfani, appellant pro se.

Phelan Hallinan Diamond & Jones PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Akil K. Khalfani appeals from a December 21, 2018 order denying his motion to vacate the sheriff's sale. Finding no error, we affirm.

By way of background, defendant borrowed $388,000 in 2007 from plaintiff's predecessor, secured by a non-purchase money mortgage, and failed to make any payments after August 2010. Final judgment of foreclosure was entered in July 2017. Although defendant filed two unsuccessful motions in an attempt to vacate final judgment, he did not appeal.

The property was offered at sheriff's sale in November 2018 and struck off to plaintiff. Defendant filed a timely motion to vacate the sale, arguing plaintiff "and the Essex County Sheriff department must be held accountable for establishing the corresponding authorities which sanction the 'buy-back'/credit bid of collateral (subject real property) to the plaintiff/mortgage assignee in a County Sheriff auction process." Defendant also argued the sale should be set aside because plaintiff submitted its proof of amount due in support of final judgment by certification instead of affidavit. The Chancery

judge denied the motion, noting she had twice before rejected defendant's argument that defendant's proof of amount due contravened Rule 4:64-2, and defendant presented no proof of impropriety in the sheriff's sale.

Defendant reprises the same arguments on appeal, which we reject as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Although the Chancery court has the power to vacate a sheriff's sale, its exercise is limited to situations where there is "fraud, accident, surprise, irregularity in the sale, and the like, making confirmation inequitable and unjust to one or more of the parties." Crane v. Bielski, 15 N.J. 342, 346 (1954) (quoting Karel v. Davis, 122 N.J. Eq. 526, 530 (E. & A. 1937)). Because defendant failed to demonstrate such circumstances here, and he is obviously grossly out of time to challenge the entry of the final judgment, we affirm the denial of his motion to vacate the sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2056-18T1